*Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52750.**—L. Goorevich et al. *v.* United States, protests 52644–K, etc. (San Francisco).

Opinion by OLIVER, C. J.   It was stipulated that certain items of the merchandise are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306.   The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52751.**—Chinese Art Co. et al. *v.* United States, protests 71887–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that the merchandise consists of mah jong sets and other articles similar in all material respects to the synthetic resin articles which were the subject of Abstracts 45795 and 49907.   The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52752.**—Pacific Dry Goods Co. *v.* United States, protest 81573–K (San Francisco).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the puzzles are similar to those the subject of Abstract 40057, the claim at 33⅓ percent under paragraph 412 was sustained.

**No. 52753.**—Chong Kee Jan & Co. *v.* United States, protest 994467–G (San Francisco).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of paper snakes similar to those involved in Abstract 50981, the claim at 45 percent under paragraph 409 was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 17, 1948

**No. 52754.**—Wm. S. Pitcairn Corp. *v.* United States, protests 65528–K, etc. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the

holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52755.**—Syndicate Alliance Trading Co., Inc. v. United States, protest 95774–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entries 816943 and 820802. The protest was sustained to this extent.

**No. 52756.**— Metasco, Inc. and Salvatore Scalia v. United States, protests 138870–K and 140995–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited, it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protests were sustained to this extent.

**No. 52757.**—The Otto Gerdau Co. v. United States, protest 141158–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation of counsel and following the decision cited, it was held that the merchandise, insofar as it involves the quantities reported by the inspector as not landed, not found, is subject to an allowance in duties. The protest was sustained to this extent.

**No. 52758.**—Mattia Locatelli, N. Y. Branch, Inc. v. United States, protest 987780–G (New York).